BRUCE, Appellant, v. SALINE COUNTY, Respondent.

1. Where a road has been opened by order of a county court, the proper course to be pursued by one who wishes to have the same closed is to apply to the county court by petition, under the 30th and 31st sections of article 1st of the act concerning roads and highways (R. C. 1855, p. 1374) to vacate the same as useless.

### Appeal from Saline Circuit Court.

At February term, 1851, of the county court of Saline county, an order was made appointing commissioners to open a certain road. The commissioners made their report at the May term, 1851. The report was approved, the court at the time making the order that " said road as viewed and marked out by the aforesaid commissioners, when cut out, will be established as a public highway." The court at the same time appointed an overseer to cut out and put the road in repair, and districted the road, and appointed justices of the peace to allot hands to work said road. At the August term, 1857, of the Saline county court, the court made another order appointing a new overseer, and directing him to open, cut out

and put the road in good repair. At adjourned term, September, 1857, A. F. Bruce made a motion to set aside the last mentioned order upon the following grounds: 1st, because said road was not legally established as the law directs; 2d, because the assent of parties over whose lands said road passes have not consented to the same, nor have they been notified of said road passing over their land; 3d, because said road, if established at all, was so established six years ago, but has never been opened or repaired or kept in repair or used as a public highway. This motion was "rejected by the court." An appeal was granted to the circuit court. A motion was made in the circuit court in behalf of the county court to dismiss this appeal, which motion was granted and the appeal dismissed.

*Adams*, for appellant.

I. An appeal will lie to the circuit court from an order of the county court requiring a new road to be opened. (Guyer v. Cooper County 19 Mo. ——.) The county court had no right or power to make an order for the opening of a road, which had been abandoned for six years, without the institution of proceedings *de novo*. The appeal was not taken from an order appointing a road overseer, but from an order requiring a road to be opened which had no existence and had been closed for six years.

*Ryland & Son*, for respondent.

I. An appeal does not lie in a case like this to the circuit court. (10 Mo. 364, 680.) Bruce, the appellant, shows no interest in the matter in controversy.

SCOTT, Judge, delivered the opinion of the court.

We do not consider that Bruce took the necessary step to attain the object he had in view. If he was aggrieved by the opening of the road, he should have adopted the proper means for redress when the road was first opened. No such length of time had elapsed, from the period of opening the

road until the proceedings of the county court in 1857, as would authorize the presumption that the road had been abandoned. The county courts may vacate roads. If the long disuse of this road afforded a presumption of its useless- ness, then Bruce, by proceeding under the 30th and 31st sections of the act concerning roads, might have had the ques- tion determined whether the road was abandoned or not. The county court had no authority in the manner proposed by Bruce to determine the question whether there was a road or not. The other judges concurring, the judgment will be affirmed.